UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMPSON, VENTULETT, STAINBACK & ASSOCIATES et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. CIV-24-1087-G |
| CITY OF OKLAHOMA CITY, OKLAHOMA, ) ) ) ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion for Summary Judgment (Doc. No. 22) filed by Plaintiffs Thompson, Ventulett, Stainback & Associates and Manica Architecture, P.A. Defendant City of Oklahoma City, Oklahoma, has filed a Response (Doc. No. 23).

*I.   Background*

On October 18, 2024, Plaintiffs filed their Complaint (Doc. No. 1) seeking declaratory relief pursuant to the Oklahoma Open Records Act, Okla. Stat. tit. 51, §§ 24A.1 et seq., the Oklahoma Uniform Trade Secrets Act, *id.* tit. 78, §§ 85 et seq., and the Defend Trade Secrets Act, 18 U.S.C. § 1836.

Plaintiffs, who are global architecture and design firms, allege that, as part of their submission of a proposal for construction of a new arena, they transmitted to Defendant "a significant volume of confidential and proprietary information, trade secrets, and financial information" (the "Proposal Documents"). Compl. ¶¶ 8, 10-12. Plaintiffs further allege that Defendant has received "an Oklahoma Records Request" for the arena proposals and

that Defendant's position is that the Proposal Documents are subject to release under the Oklahoma Open Records Act. *Id.* ¶ 22; *see also* Answer ¶ 22 (Doc. No. 14).

Plaintiffs therefore seek entry of an order from this Court declaring that the portions of the Proposal Documents that "are designated as trade secrets or confidential and proprietary" are protected under the statutes cited above and "are therefore exempt from disclosure under the Oklahoma Open Records Act" and the other statutory provisions. Compl. ¶¶ 24-25.

The Court granted the parties' request for a specialized schedule and permitted the early filing of dispositive motions. *See* Order of Jan. 6, 2025 (Doc. No. 18).

II.   *Plaintiffs' Motion for Summary Judgment*

Plaintiffs now seek summary judgment consistent with their pleading allegations, requesting that the Court "find that all portions of Plaintiffs' Design Team Proposal Documents that contain trade secret and/or confidential information under the Oklahoma Uniform Trade Secrets Act are protected from disclosure under the Oklahoma Open Records Act." Pls.' Mot. Summ. J. at 4.

Defendant responds that, pursuant to the Oklahoma Open Records Act, Defendant is required to disclose requested information absent a statutory exemption or a court order. *See* Def.'s Resp. at 2-3 ("Absent an order from this Court, the City will maintain that it is required by law to disclose the records."). Defendant takes no position as to whether the Proposal Documents are protected under the trade-secrets statutes. *Id.* at 3.

The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). Plaintiffs, as the party moving for summary judgment, have the burden of showing that the undisputed material facts require judgment as a matter of law in their favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To make this showing, Plaintiffs are permitted to cite to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the case record. Fed. R. Civ. P. 56(c)(1)(A). Plaintiffs, however, do not present any stipulations, affidavits, or other evidence to support their proposition that the content of the Proposal Documents renders them subject to protection from disclosure. Instead, in the Motion itself, signed by counsel, Plaintiffs broadly state:

> Portions and/or pages of information included in the Design Team's Proposal Documents contain trade secrets, confidential, and proprietary information owned by [Plaintiffs] that is critical to their business and trade practices globally, including financial, business, and technical information, such as confidential pricing, private company financials, confidential business strategies, methods, techniques, processes, procedures and proprietary software product technical details ("the Design Team's Trade Secrets").
>
> . . . .
>
> The Design Team's Trade Secrets are (1) not generally known in the industry, (2) give rise to a competitive advantage as other persons can obtain economic value from the disclosure thereof, and (3) are actively maintained as confidential and kept in secrecy by [Plaintiffs]. Therefore, The Design Team's Trade Secrets are entitled to the protections afforded under the (i) Oklahoma Open Records Act, OKLA. STAT. tit. 51 § 24A.1, et seq, including but not limited to § 24A.10(B), (ii) OUTSA, OKLA. STAT. tit. 78 § 85, et seq., and (iii) DTSA, 18 U.S.C. § 1836.

Pls.' Mot. Summ. J. at 2, 4.

As the Tenth Circuit has explained, "[f]actual statements . . . attributable to counsel . . . do not constitute summary judgment evidence." *Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991). The Court therefore may not properly find that the documents contain trade secrets and other confidential information "in sole reliance upon" Plaintiffs' unsworn assertions. *Id.*; *see also* Fed. R. Civ. P. 56(c)(4) (prescribing that an affidavit or declaration used to support a summary-judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). In addition, Plaintiffs' broad citations to the state and federal statutes fail to establish that particular information is protected from disclosure under a specific provision or provisions of the Oklahoma Open Records Act. On the current record, Plaintiffs have not shown that they are entitled to judgment as a matter of law.

## CONCLUSION

As outlined herein, Plaintiffs' Motion for Summary Judgment (Doc. No. 22) is DENIED.

Plaintiffs may submit an amended motion for summary judgment within 21 days of the date of this Order. Such motion should be accompanied by affidavit or other evidence, as well as a proposed order granting the requested relief.

IT IS SO ORDERED this 12th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge